UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MALAK BAALIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:19-cv-02671-HEA |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Malak Baalim for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 4). For the reasons discussed below, plaintiff's motion does not comply with the statute under which it may be granted. Accordingly, plaintiff will be directed to either file an amended application or pay the full filing fee.

### Background

On September 26, 2019, plaintiff filed a civil action titled "Notice of Tort Claim and Opportunity to Cure." (Docket No. 1). The complaint named the United States of America, St. Charles County, the State of Missouri, the St. Charles Municipal Court, Judge Joel David Brett, the St. Peters Police Department, and the Missouri State Highway Patrol as "debtor[s]." Plaintiff did not pay the filing fee or file a motion for leave to proceed in forma pauperis.

On October 2, 2019, the Court directed plaintiff to either pay the full filing fee or file a motion for leave to proceed in forma pauperis. (Docket No. 2). Plaintiff filed a motion for leave to proceed in forma pauperis on October 16, 2019. (Docket No. 4). He filed a supplement to his motion on October 24, 2019.

Plaintiff's motion for leave to proceed in forma pauperis is on a Court-provided form. However, plaintiff has neglected to answer any of the questions or provide any information. Instead, plaintiff has written "N/A" in every place on the form where a response is required, including the signature line.

Attached to plaintiff's motion is a document titled "Affidavit to Proceed Without Payment." (Docket No. 4 at 3). The affidavit includes the following five assertions: that pursuant to the United States Constitution, "nothing shall be tender for payment but silver and gold coin;" that according to Justice William Brennan, there are no charges for claims against the government; that pursuant to "HJR192[,] no debt can be lawfully paid;" that "debt can only be discharged;" and that pursuant to "executive order 6102[,] our ability to pay our debts has been abolished." The affidavit has been signed and fingerprinted.

Also attached to plaintiff's motion is an "Affidavit of Negative Adverment," in which plaintiff claims that the "United States Postal Service is obligated to pay fees for violations of [the] uniform commercial code." (Docket No. 4-1 at 1). Specifically, plaintiff states that he is owed $1,715,000,000 in U.S. silver dollars. (Docket No. 4-1 at 2). Plaintiff demands payment in ten days.

Plaintiff's supplement to his initial motion for leave to proceed in forma pauperis consists of a Court-provided motion form, with all questions answered by the handwritten notation "N/A." (Docket No. 5). There is also an "Affidavit to Proceed Without Payment," in which plaintiff again asserts that payment can only be made in silver and gold; that there is no charge for claims against the government; that no debt can be lawfully paid, only discharged; and that plaintiff's ability to pay his debts has been abolished. (Docket No. 5 at 3).

**Discussion**

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In forma pauperis status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). Determining whether to grant or deny in forma pauperis status under § 1915 is within the sound discretion of the trial court. *Lee*, 231 F.3d at 458.

Here, the Court is unable to assess whether or not plaintiff should be granted in forma pauperis status. Rather than answer the questions posed on the Court-provided motion form, plaintiff wrote "N/A" every time a response was indicated. This is wholly insufficient to convey plaintiff's personal financial situation or to allow the Court to determine whether he is indeed too impoverished to pay the filing fee. The "affidavit" attached to the motion is likewise unhelpful. It consists of factually and legally dubious statements proposing that gold and silver constitute the only legal tender, and that debts cannot be paid, only discharged. The terminology, phrases, and arguments used by plaintiff are similar to the type propounded by so-called "sovereign citizens." Any contention by plaintiff that he is somehow excused from complying with federal rules or statutes based on his sovereign citizen status is meritless. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (stating that appellant's assertion that federal courts "have no civil jurisdiction over a sovereign citizen" was frivolous); *United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir.

2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous); and *United States v. Hardin*, 489 Fed. Appx. 984, 985 (8th Cir. 2012) (rejecting as meritless appellant's challenges to the district court's jurisdiction based on his status as a sovereign citizen).

The Court will give plaintiff one more opportunity to either file a motion for leave to proceed in forma pauperis or to pay the full filing fee. Plaintiff will be given **twenty-one (21) days** in which to comply. Failure to either file a motion for leave to proceed in forma pauperis or pay the full filing fee will result in the dismissal of this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's motion for leave to proceed in forma pauperis form.

**IT IS FURTHER ORDERED** that plaintiff must either file a motion to proceed in forma pauperis or pay the full filing fee within **twenty-one (21) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff files a motion for leave to proceed in forma pauperis, he must follow the instructions provided on the Court form.

**IT IS FURTHER ORDERED** that failure to comply with this order will result in the dismissal of this action without prejudice and without further notice.

Dated this 18th day of December, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE