UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MALAK BAALIM, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:19-cv-02671-HEA |
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. On December 18, 2019, the Court ordered plaintiff to either file a motion for leave to proceed in forma pauperis or pay the full filing fee within twenty-one days. (Docket No. 6). Plaintiff has failed to respond. Therefore, for the reasons discussed below, this action will be dismissed without prejudice for failure to comply with the Court's order. *See* Fed. R. Civ. P. 41(b).

### **Background**

Plaintiff is a pro se litigant. On September 26, 2019, he filed a civil action titled "Notice of Tort Claim and Opportunity to Cure." (Docket No. 1). The complaint named the United States of America, St. Charles County, the State of Missouri, the St. Charles Municipal Court, Judge Joel David Brett, the St. Peters Police Department, and the Missouri State Highway Patrol as "debtor[s]." Plaintiff did not pay the filing fee or file a motion for leave to proceed in forma pauperis.

On October 2, 2019, the Court directed plaintiff to either pay the full filing fee or file a motion for leave to proceed in forma pauperis. (Docket No. 2). In response, plaintiff filed a motion

to proceed in forma pauperis on October 16, 2019. (Docket No. 4). He filed a supplement to his motion on October 24, 2019. (Docket No. 5).

Plaintiff's motion for leave to proceed in forma pauperis was on a Court-provided form. However, plaintiff neglected to answer any of the questions or provide any information. Instead, plaintiff wrote "N/A" in every place on the form where a response was required, including the signature line.

Attached to plaintiff's motion was a document titled "Affidavit to Proceed Without Payment." (Docket No. 4 at 3). The affidavit included the following five assertions: that pursuant to the United States Constitution, "nothing shall be tender for payment but silver and gold coin;" that according to Justice William Brennan, there are no charges for claims against the government; that pursuant to "HJR192[,] no debt can be lawfully paid;" that "debt can only be discharged;" and that pursuant to "executive order 6102[,] our ability to pay our debts has been abolished." The affidavit was signed and fingerprinted.

Also attached to plaintiff's motion was a document titled "Affidavit of Negative Adverment," in which plaintiff claimed that the "United States Postal Service is obligated to pay fees for violations of [the] uniform commercial code." (Docket No. 4-1 at 1). Specifically, plaintiff stated that he was owed $1,715,000,000 in U.S. silver dollars. (Docket No. 4-1 at 2). Plaintiff demanded payment in ten days.

Plaintiff's supplement to his initial motion to proceed in forma pauperis consisted of a Court-provided motion form, with all questions answered by the handwritten notation "N/A." (Docket No. 5). There was also an "Affidavit to Proceed Without Payment," in which plaintiff again asserted that payment can only be made in silver and gold; that there was no charge for

2

claims against the government; that no debt can be lawfully paid, only discharged; and that plaintiff's ability to pay his debts had been abolished. (Docket No. 5 at 3).

On December 18, 2019, the Court again ordered plaintiff to either file a motion for leave to proceed in forma pauperis or pay the full filing fee. (Docket No. 6). In so doing, the Court noted that it may authorize the commencement or prosecution of a civil action without prepayment of fees if plaintiff demonstrated that he "is unable to pay such fees or give security therefor." *See* 28 U.S.C. § 1915(a)(1). However, the Court explained that in forma pauperis status was a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits, plaintiff had to demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

The Court explained that plaintiff's motion to proceed in forma pauperis, as well as the supplement to the motion, left the Court unable to assess whether or not plaintiff should be granted in forma pauperis status. Rather than answer the questions posed on the Court-provided motion form, plaintiff wrote "N/A" every time a response was indicated. The Court noted that this was wholly insufficient to convey plaintiff's personal financial situation or to allow the Court to determine whether he was indeed too impoverished to pay the filing fee.

The "affidavit" attached to the motion was likewise unhelpful. It consisted of factually and legally dubious statements proposing that gold and silver constituted the only legal tender, and that debts cannot be paid, only discharged. The terminology, phrases, and arguments used by plaintiff were similar to the type propounded by so-called "sovereign citizens." The Court stated that any contention by plaintiff that he was somehow excused from complying with federal rules or statutes

based on his sovereign citizen status was meritless. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (stating that appellant's assertion that federal courts "have no civil jurisdiction over a sovereign citizen" was frivolous); *United States v. Simonson*, 563 Fed. Appx. 514 (8th Cir. 2014) (stating that appellants' argument "that they are special, sovereign citizens" was frivolous); and *United States v. Hardin*, 489 Fed. Appx. 984, 985 (8th Cir. 2012) (rejecting as meritless appellant's challenges to the district court's jurisdiction based on his status as a sovereign citizen).

The Court advised plaintiff that he was being given one more opportunity to either file a motion for leave to proceed in forma pauperis or to pay the full filing fee. He was given twenty-one days in which to comply. To aid plaintiff, the Court sent him a copy of the Court's motion for leave to proceed in forma pauperis form. Plaintiff was specifically warned that failure to comply with the Court's order would result in the dismissal of this action without prejudice and without further notice.

**Discussion**

As noted above, plaintiff was given twenty-one days in which to either file a motion for leave to proceed in forma pauperis or pay the full filing fee. A response to the Court was due by January 8, 2020. The Court warned plaintiff that failure to comply with the Court's order would result in the dismissal of his case without prejudice and without further notice. Nevertheless, plaintiff's twenty-one day period in which to either file a motion for leave to proceed in forma pauperis or pay the filing fee has expired. Indeed, the Court has given petitioner significantly more time than twenty-one days in which to respond. However, plaintiff has not filed a motion to proceed in forma pauperis, paid the filing fee, or submitted a request to the Court for additional time.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of December 18, 2019, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of December 18, 2019. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 11th day of February, 2020.

                                                                                        *[signature]*
                                                                        HENRY EDWARD AUTREY
                                                                        UNITED STATES DISTRICT JUDGE